STEPHEN TREADWAY *v.* JAS. D. GRAY.

**Execution—Sheriff's Return of Sale.**

Where a sheriff's return which shows that the sale was duly adver-
tised and made at the door of the court house and states the date
upon which the sale was made and notice given, and shows that
the purchaser was the highest and best bidder, such facts are all
that is necessary for those claiming under his deed to establish by
record evidence.

**Execution—Selection of Part of Tract for Sale.**

Where the execution defendant is not present at the sale the
sheriff has the right to designate out of which portion of the tract
he will sell.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 26, 1873.

OPINION BY JUDGE LINDSAY:

The tract of fifty acres of land taken under the execution was
described with sufficient minuteness to enable persons to identify it.
The return of the sheriff shows that the sale was duly advertised,
that it was made at the court house door, and the day upon which it
was made is given. It shows also that Gay was the highest and best
bidder, and that for seven and one-half acres out of the southwest
corner of the tract he agreed to pay the full amount of the execution.
It also shows that the entire tract was appraised before, and that
portion sold after the sale. Indulging the legal presumptions that
the sheriff in all things material, confined himself to the law, the
facts affirmatively set out in the sheriff's return are all that it was
necessary for those claiming under his deed to establish by record

evidence. The oral statements of the sheriff and other persons as to the manner in which the sale was advertised and conducted, and the proof that it was made on the first day of a county court, etc., were valuable only in so far as they strengthened the presumption which without them would nevertheless have prevailed.

The defendant not being present at the sale, the sheriff had the right to designate out of which portion of the tract he would sell, and seven and one-half acres "to be cut off the southwest corner" is a sufficient description of the portion sold.

The deed covers seven and one-half acres so cut off, and the evidence shows that in the entire transaction the best interests of the defendant were consulted.

The fact that one of the first appraisers bid as agent for the purchaser Gay cannot avail, as the portion sold was afterwards appraised by disinterested persons. The instructions given for appellees were less favorable to them than they had the right under the law to expect. Those asked by the appellant are in conflict with the views herein expressed and were properly refused.

Judgment *affirmed*.

*Turner, for appellant.*

*Apperson & Reid, for appellee.*